Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                    )
IN RE:                                              )   CASE NO.    09-31888 (LMW)
                                                    )
   DOMINICK P. BONITO,                              )   CHAPTER     13
                                                    )
               DEBTOR.                             )   ECF NOS.    8, 75
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

| | |
|---|---|
| Kenneth E. Lenz, Esq. | Attorney for Dominick P. Bonito, |
| The Lenz Law Firm | Chapter 13 Debtor |
| P.O. Box 965 | |
| 236 Boston Post Road, 2nd Floor | |
| Orange, CT  06477 | |
| | |
| Patrick Crook, Esq. | Attorney for Molly T. Whiton, |
| 10 Columbus Boulevard, 6th Floor | Chapter 13 Trustee |
| Hartford, CT  06106 | |
| | |
| Stuart Caplan, Esq. | Attorney for Susan Bonito, |
| Law Offices of Neil Crane, LLC | Creditor and Party-In-Interest |
| 2700 Whitney Avenue | |
| Hamden, CT 06518 | |

### MEMORANDUM AND ORDER RE: CHAPTER 13 PLAN CONFIRMATION

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

      The questions raised by the above-referenced contested matter are (1) whether, under the circumstances presented here, certain mortgage payments constitute "domestic support obligation[s]" within the purview of 11 U.S.C. § 101(14A) and, if so, (2) whether the above-referenced debtor's (the "Debtor") failure to keep those payments current postpetition precludes confirmation of the

Debtor's "Chapter 13 Plan - Second Amended" (ECF No. 75, the "Plan") pursuant to 11 U.S.C. § 1325(a)(8). The court has jurisdiction over this contested matter as a core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and that certain Order dated September 21, 1984 of the District Court (Daly, C.J.).[1] This memorandum constitutes the findings of fact and conclusions of law to the extent mandated by Rule 9014 and 7052 of the Federal Rules of Bankruptcy Procedure.

I.      **UNCONTESTED FACTS**

The Debtor commenced this Chapter 13 case by the filing of a petition on July 13, 2009. The Debtor is the sole owner of certain property (the "Property") at 179 Winthrop Road in the Town of Guilford. The Debtor is the sole obligor under notes secured by first and second mortgages (collectively, the "Mortgages") on the Property.

The Debtor is the defendant in a pending marital dissolution action brought by Susan Bonito ("Mrs. Bonito"). By pendente lite order entered May 5, 2009 (the "Order"), the state court ordered the Debtor to make the monthly payments (the "Mortgage Payments") on the Mortgages, together with taxes and insurance in respect of the Property.[2] Prior to commencing this case, the Debtor

---

[1] That order referred to the "Bankruptcy Judges for this District" "all cases under Title 11, U.S.C., and all proceedings arising under Title 11, U.S.C., or arising in or related to a case under Title 11, U.S.C. . . . ."

[2] The Order provides in relevant part as follows:

> The Defendant shall pay child support in the amount of $294.00 per week in accordance with the child support guidelines, and alimony in the amount of $200.00 per week. The Defendant shall be responsible for the liabilities on his financial affidavit; however, he must first pay the . . . [Mortgages], taxes and homeowners insurance first before he pays any other bills . . . . This shall be by immediate wage execution, and until the wage execution is put into place, with the increase as ordered by the Court, the Defendant shall pay these amounts on a weekly basis on the Friday of each week, beginning this Friday, May 8, 2009.

(ECF No. 91 ¶ 9.b.) It is uncontested that Mrs. Bonito may enforce the Mortgage Payment provision

vacated the Property and moved into an apartment. However, the Property is the residence of the Debtor's wife and three minor children. The Debtor claims to be financially unable to pay the Mortgage Payments in accordance with the Order and he concedes that he is in default with respect thereto for the months of August, 2009 and following.

The Debtor filed the Plan on April 7, 2010. The Plan does not provide for payment on any secured claims but does provide for at least a five percent (5%) dividend to the holders of allowed general unsecured claims. (*See* ECF No. 75 ¶¶ 2.b., 2.c.) The Plan provides for the following treatment in respect of the Mortgages:

> Bank of America:[3] Debtor is to surrender . . . [the Property] and any claim filed by said creditor will be paid as a general unsecured claim.
>
> Bank of America: Debtor is to surrender . . . [the Property] and any claim filed by said creditor will be paid as a general unsecured claim.

(ECF No. 75 ¶ 4.) Implicit in such treatment in that the Mortgage Payments will not be made.

## II. <u>PROCEDURAL BACKGROUND</u>

The Chapter 13 trustee (the "Trustee") previously had filed her "standard" motion to confirm the Debtor's Plan or dismiss the case. (*See* ECF No. 8, the "Motion.") The Motion came on for a hearing on April 22, 2010. At that hearing, counsel for the Trustee orally objected to Plan confirmation on the grounds that (a) the Mortgage Payments were "domestic support obligations" within the purview of Bankruptcy Code § 101(14A) and (b) the Debtor's failure to keep the Mortgage Payments current postpetition precludes Plan confirmation pursuant to Bankruptcy Code

---

of the Order in state court.

     [3] Bank of America, N.A. is the holder of one or both of the Mortgages. The Property and at least one of the Mortgages are the subjects of a relief from stay order dated June 1, 2010. (*See* ECF No. 89.) The status of foreclosure proceedings with respect to the Property is uncertain.

§ 1325(a)(8). Those positions were articulated further by the Trustee in her "Reply Brief" (ECF No. 90). The Debtor took the opposite position on both points in his "Debtor's Memorandum of Law in Opposition to Trustee's Motion To Dismiss" (ECF No. 82).

On August 12, 2010, the court convened a status conference with respect to this contested matter at which the Debtor's counsel, the Trustee's counsel and Mrs. Bonito's counsel were ordered to (and did) appear. (*See* Oral Record of 8/12/2010 Status Conference.) At that status conference, counsel for Mrs. Bonito confirmed on the record that she supports the Trustee's position. (*See* Oral Record of 8/12/2010 Status Conference at 12:04:42 *et seq.*)

### III.  APPLICABLE LAW

The issue of whether an obligation is a "domestic support obligation" within the purview of Section 101(14A) is a question of federal law. However, applicable state law may provide guidance. *See In re Boller,* 393 B.R. 569, 574 (Bankr. E.D. Tenn. 2008). *See also Cook v. Bieluch (In re Bieluch)*, 219 B.R. 14, 20 (Bankr. D. Conn. 1998) (Dabrowski, J), *aff'd*, 216 F.3d 1071 (2d Cir. 2000) ("[A]lthough a bankruptcy judge may consult state law for guidance as to whether a debt is actually in the nature of alimony, maintenance or support, the determination is necessarily one premised upon federal bankruptcy law."). Accordingly, the court sets forth both relevant federal and state (Connecticut) law below.

#### A.  Federal Law

The term "domestic support obligation" is defined in 11 U.S.C. § 101(14A) as follows:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–
>
>   (A) owed to or recoverable by–

      (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

      (ii) a governmental unit;

 (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

 (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–

      (i) a separation agreement, divorce decree, or property settlement agreement;

      (ii) an order of a court of record; or

      (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

 (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C.A. § 101(14A) (West 2010). Section 101(14A) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). For the purpose of determining what constitutes "support" under current Section 101(14A)(B), the court concludes that cases construing the term "support" in 11 U.S.C. § 523(a)(5) (as it existed prior to its amendment by BAPCPA) still are apposite for present purposes.

With respect to determining whether a particular obligation constitutes "support," at least one court in this district

> analyzed certain objective "factors" traditionally utilized . . . in divining the actual nature of an obligation imposed in a divorce decree: *e.g.*, (1) the label given the obligation in the decree, (2) the form and placement of the obligation in the decree, (3) whether the obligation terminates on death, remarriage, etc., (4) the economic disparity between the parties, (5) the length of the marriage, (6) the presence of minor children, (7) the age, employability, and educational level of the parties, and (8) the financial resources, actual or potential, of each spouse.

*Detels v. Nero (In re Nero),* 323 B.R. 33, 38 (Bankr. D. Conn. 2005) (Dabrowski, J.). *But cf. Rogers v. Chorba (In re Rogers),* No. 08-3080, 2010 WL 1571196, at *5 n.11 (Bankr. D. Conn. Apr. 19, 2010).

"Under appropriate circumstances, payments to third parties may nevertheless constitute alimony or support . . . [within the meaning of the Bankruptcy Code]." *Pierce v. Pierce (In re Pierce),* 323 B.R. 21, 28 (Bankr. D. Conn. 2005). With respect to Section 101(14A)(A)'s requirement that the subject debt be "owed to or recoverable" by the spouse or other covered persons or entities:

> Since the language of the new definition includes debts "owed to or *recoverable by"* a spouse, debts to be paid directly to third parties . . . would not necessarily be excluded if they are enforceable and recoverable by the spouse via further proceedings in the Family Court. While the new language [of Section 101(14A)(A)] may not be intended to expand the pool of creditors entitled to claim a debt . . . [as in the nature of "alimony, maintenance, or support"], it certainly does not appear intended to narrow the field of payees when compared to the former language.

*In re Poole,* 383 B.R. 308, 313-14 (Bankr. D.S.C. 2007) (citations omitted; emphasis in original).

### B.  Applicable Connecticut Law

The Connecticut pendente lite statute, Section 46b-83 of the Connecticut General Statutes ("Alimony, support and use of family home or other residential dwelling unit awarded pendente lite. Voluntary leaving of family home by one parent"), provides in relevant part as follows:

> At any time after the return day of a complaint under section 46b-45 or 46b-56 or after filing an application under section 46b-61, and after hearing, alimony and support pendente lite may be awarded to either of the parties from the date of the filing of an application therefor with the Superior Court. Full credit shall be given for all sums paid to one party by the other from the date of the filing of such a motion to the date of rendition of such order. In making an order for alimony pendente lite, the court shall consider all factors enumerated in section 46b-82, except the grounds for the complaint or cross complaint, to be considered with respect to a permanent award of alimony . . . . The court may also award exclusive use of the family home or any other dwelling unit which is available for use as a residence pendente lite to either

of the parties as is just and equitable without regard to the respective interests of the parties in the property.

Conn. Gen. Stat. Ann. § 46b-83(a) (West 2010).

Section 46b-82 of the Connecticut General Statutes ("Alimony") provides in relevant part as follows:

> In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the awards, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment.

Conn. Gen. Stat. Ann. § 46b-82(a) (West 2010). *See also McGann v. McGann*, No. FA094008879S, 2009 WL 5342483, at *4 (Conn. Super. Dec. 7, 2009) ("In making an order for support pendente lite, the court must consider all factors enumerated in General Statutes § 46b-82 . . . .").

## IV.   APPLICATION OF LAW TO FACT

### A.   Section 101(14A)

For the reasons that follow, the court concludes that the Mortgage Payments are "domestic support obligation[s]" within the purview of Bankruptcy Code § 101(14A).

Based upon the authority discussed above, the court concludes that the Debtor's obligation in respect of the Mortgage Payments is "owed to or recoverable by" Mrs. Bonito within the purview of Section 101(14A)(A) notwithstanding that the Mortgage debt runs to the mortgagee and not to Mrs. Bonito. The court further concludes that the Mortgage Payments can constitute "support" within the purview of Section 101(14A)(B) notwithstanding that the Mortgage debt runs to the mortgagee and not to Mrs. Bonito.

The court further concludes and/or finds that the Debtor's obligations in respect of the Mortgage Payments otherwise constitutes "support" within the purview of Section 101(14A)(B) for the reasons that follow. First, with one possible exception not relevant here, the state court had no authority to make pendente lite awards other than with respect to support pursuant to Section 46b-83. (*See id.*) Second, in making a Section 46b-83 award, the state court was required to consider factors materially similar to the factors generally considered by the bankruptcy court in making its own determinations as to whether a debt is in the nature of support. *Compare* Conn. Gen. Stat. § 46b-82(a) *with Nero, supra.* Finally, because Mrs. Bonito does not own the Property and is not liable on the Mortgage debt, the only purpose for the provision in the Order requiring the Debtor to make the Mortgage Payments can be to support Mrs. Bonito (and the children) by maintaining the Property as a place for them to live.

For all of the reasons set forth above, the court finds and/or concludes that the Debtor's obligation in respect of the Mortgage Payments is a "domestic support obligation" within the purview of Section 101(14A).

### B.    Section 1325(a)(8)

Bankruptcy Code § 1325(a) provides in relevant part that "the court shall confirm a plan if . . . the debtor has paid all amounts that are required to be paid under a domestic support obligation, and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order . . . to pay such domestic support obligation . . . ," 11 U.S.C.A. § 1325(a)(8) (West 2010). "The purpose of section 1325(a)(8) is presumably to give support obligees one more weapon to enforce the debtor's support obligations by allowing them to challenge

the confirmation of the chapter 13 plan if the debtor has not paid postpetition support." 8 Alan R. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 1325.07B, at 1325-49 (16th ed. 2010).

The Debtor argues that notwithstanding Section 1325(a)(8), the Plan still may be confirmed because its treatment of the Mortgages complies with Section 1325(a)(5)(C).[4] The short answer to that argument is that Sections 1325(a)(5) and 1325(a)(8) are in the conjunctive, not the disjunctive. *See* 11 U.S.C. § 1325(a). The Debtor further argues that the Plan should be confirmed notwithstanding Section 1325(a)(8) because he will be unable to fund *any* plan if he must pay the Mortgage Payments. That is not a reason for this court to ignore an express statutory provision.

## V.    CONCLUSION

For the reasons set forth above, the court concludes that the Plan is unconfirmable pursuant to Bankruptcy Code § 1325(a)(8). The Motion seeks dismissal of this case. This contested matter currently is scheduled for a further hearing on September 30, 2010 at 10:00 a.m. That hearing will remain on the court's calendar. If the Debtor does not elect some other permissible action at that hearing, this case will be dismissed.

It is **SO ORDERED.**

Dated: August 26, 2010                                   BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge

---

[4] The court assumes that the Debtor is correct as to compliance with Section 1325(a)(5) for the purposes of argument only.